## HYNUM *v.* STATE.

No. 39490 January 24, 1955 77 So. 2d 313

*P. M. Watkins,* Port Gibson, for appellant.

■■■■■■■■■■■■■■■■■

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

■■■■■■■■■■■■■■■■■

HOLMES, J.

This is an appeal from a judgment of the Circuit Court of Claiborne County convicting the appellant of manslaughter and sentencing him to serve a term of two years in the State penitentiary. The prosecution is under Section 2232 of the Mississippi Code of 1942, providing that the killing of a human being through culpable negligence shall be manslaughter.

■■■ ■ The State charged that the appellant, through culpable negligence in the operation of his automobile, killed Joe Baker. In order to maintain the charge, it was incumbent upon the State to prove beyond a reasonable doubt that the appellant was guilty of such gross negligence on the occasion complained of as to evince on his part a wanton or reckless disregard for the safety of human life, or such an indifference to the consequences of his act under the surrounding circumstances as to render his conduct tantamount to wilfulness. Smith v. State, 197 Miss. 802, 20 So. 2d 701.

The sole contention on this appeal is that the proof is insufficient to establish the guilt of the appellant beyond every reasonable doubt, and that the peremptory instruction requested by the appellant should have been granted.

The deceased was killed as the result of a collision between an automobile driven by him and one driven by the appellant. The collision occurred about 12:30 o'clock on Sunday morning, May 18, 1953, a short distance from Port Gibson, on Highway 18. The deceased was driving a 1936 Chevrolet two-door sedan, with the doors off of it. Accompanying him were John Cupit, John Henry Cupit, Ray Cranfield and Wallace Cupit. John Henry Cupit and Wallace Cupit are the sons of John Cupit, and were then about the ages of sixteen years and twelve years respectively. John Cupit and John Henry Cupit were occupying the front seat with the driver. Ray Cranfield and Wallace Cupit were on the back seat. The appellant was driving a 1941 custom-made Lincoln automobile, and was riding alone. At the time of the collision the deceased was driving west in the direction of Port Gibson, and the appellant was driving east in the direction of Hermanville. The deceased was proceeding down a grade in the highway, and the appellant was ascending the grade. The view of the respective drivers was unobstructed. The occupants of both cars had been at Lyon's Roadhouse where they had spent sometime. Some of them had been drinking beer, but the evidence was conflicting as to those so indulging and the extent of their indulgence. According to the testimony of the State, the appellant was drunk at the roadhouse and had to support himself by leaning against the wall.

The State's proof showed the following with respect to the actual occurrence on the highway: The appellant was drunk. The deceased was sober. The deceased was driving his Chevrolet on his right hand side of the highway, proceeding at a rate of speed of twenty-five or thirty miles per hour, and traveling down grade. Appellant's Lincoln was approaching from the opposite direction and was first observed by one of the occupants of the Chevrolet a distance of several hundred yards

down the highway. Appellant was driving up-grade at a rate of speed of about seventy-five miles per hour, and was zigzagging from side to side on the highway. As the cars came near each other, the deceased turned his car so far to his right that his right front wheel was either on the edge of, or just off, the blacktop. The appellant's car then turned across the center of the highway and onto the deceased's side of the highway and struck the deceased's car with such force and violence that it cut off the left front wheel of the deceased's car and through the side and onto the back thereof, and then traveled a distance of seventy-five feet down the highway and into a ditch. Several of the occupants of the Chevrolet were badly injured. John Cupit was hospitalized for about a week, his son was seriously injured, and the deceased was so greatly crushed and mangled that he died a short time thereafter in the hospital. The appellant was uninjured.

The appellant denied that he was drunk, but admitted that he had previously been convicted of drunken driving, and that his driver's license had been revoked, and that on the occasion in question he was wrongfully driving without a driver's license. He said that he was unable to estimate the speed at which he was traveling at the time of the collision. Appellant told the sheriff when he was arrested that he must have blacked out. He later testified that he felt himself getting drowsy, and then fell asleep.

 The issue of the guilt or innocence of the appellant was properly submitted to the jury under proper instructions, and the jury accepted the proof on behalf of the State and found the appellant guilty as charged. The jury was amply warranted in so finding. Faust v. State, 212 Miss. 464, 54 So. 2d 724; Gatlin v. State, 68 So. 2d 291. We have no hesitancy in holding that one who, in the night time and in a drunken condition, drives an automobile on a public highway, proceeding up grade

at a rate of speed of approximately seventy-five miles per hour, zigzagging from side to side and driving on the wrong side of the highway, evinces a wanton and reckless disregard for the safety of human life, and such indifference to the consequences of his act as to render his conduct a tantamount to wilfulness. He should be made to answer for the consequences of his act, and in the case before us, the appellant should consider himself fortunate that such a merciful punishment was meted out to him.

This is just another case of tragedy resulting from drunken driving, which is one of the greatest menaces to human life on our highways today. It can be as deadly in its effect as a machine gun fired into the automobile of innocent travelers along the way. Those who are guilty of such conduct, resulting in the death of an innocent person, merit the penalty of the law and should not complain when it is meted out to them. The judgment of the court below is affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Lee* and *Ethridge, JJ.,* concur.