BRADY, Justice.
The issues presented in this cause are settled by the decisions in the following cases: Hatcher v. State, 230 Miss. 257, 92 So.2d 552 (1957); Hathorn v. State, 225 Miss. 77, 82 So.2d 653 (1955); Dendy v. State, 224 Miss. 208, 79 So.2d 827 (1955); Hynum v. State, 222 Miss. 817, 77 So.2d 313 (1955); Sullivan v. State, 213 Miss. 14, 56 So.2d 93 (1952); Coleman v. State, 208 Miss. 612, 45 So.2d 240 (1950); Downs v. State, 206 Miss. 831, 41 So,2d 19 (1949); Cutshall v. State, 203 Miss. 553, 35 So.2d 318 (1948); Smith v. State, 197 Miss. 802, 20 So.2d 701, 161 A.L.R. 1 (1945); Scott v. State, 183 Miss. 788, 185 So. 195 (1938); and Robertson v. State, 153 Miss. 770, 121 So. 492 (1928).
There is no merit in the contentions of the appellant that the trial court erred in not sustaining its motion for a directed verdict, and that the verdict of the jury was against the weight of the credible evidence presented in this case. The testimony is uncontradicted that the appellant turned into the eastbound and south lane of Highway 82 as he proceeded west in the north lane toward Greenwood, being followed by a car driven by Mr. Bill Sur-rell. At that time the deceased, Mrs. Riesie B. Gee, was driving her car eastwardly toward Carrollton in the south lane, and was being followed by a car driven by Mr. Robert Downs. The appellant either turned his car into the south and eastbound lane at a speed of approximately fifty miles an hour when Mrs. Gee’s car was between sixty-five and seventy feet away and crashed headon into Mrs. Gee’s car, or he turned from the westbound lane into the eastbound lane and continued therein a distance of approximately five hundred feet before he crashed headon into the car being driven by Mrs. Gee, causing injuries which in a few minutes produced her death. Appellant had three passengers in his car at the time of the collision, but no testimony was given in his behalf.
The evidence was ample to justify the jury in concluding that the negligence of the appellant was wanton or reckless under the circumstances existing at the time to the extent of implying danger to human life. Appellant’s failure to attempt to turn back into the west lane, to go onto the shoulder, to stop his car, or to make any effort to avoid the collision, was ample evidence to justify the jury in finding the *877 appellant guilty of culpable negligence on the charge of manslaughter. For these reasons the judgment is affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, INZER and ROBERTSON, JJ., concur.