GILLESPIE, Presiding Justice:
Otis Patrick was convicted in the Circuit Court of Scott County of involuntary manslaughter and sentenced to serve a term in the State Penitentiary. From this judgment, he appeals to this Court.
The facts are in sharp dispute. The only eyewitness who testified, except the appellant himself, was Clell Harrell, Sheriff of Scott County. Harrell and his wife were travelling south in the southbound lane of Highway 21 in Scott County, Mississippi, about 150 feet behind a GMC pickup truck pulling a 14 foot trailer containing two cows. The truck-trailer was being driven by Luther Tadlock, and his wife Ouida was a passenger. Highway 21 is an asphalt highway designed for two lanes of traffic. The weather was fair, and the road surface dry. The sheriff testified that he and the Tadlock vehicle were travelling between 50-60 miles per hour when he saw an automobile being driven by Otis Patrick travelling north at a speed of 70-75 miles per hour. When Harrell first saw the Patrick vehicle, it was about 200 feet south of the Tadlock vehicle in the west or southbound lane. The sheriff further testified that the Tadlock truck cut to the right but was struck by Patrick’s automobile in the southbound traffic lane. The Tadlock vehicle burst into flames, and both Mr. and Mrs. Tadlock were killed. Their bodies were removed after the fire was extinguished. Patrick was removed to the emergency room of the hospital and the doctor who first saw him stated that Patrick was intoxicated, smelled of alcohol, was ranting and cursing, and was in an uncontrollable state. Clyde Valentine, highway patrolman, investigated the accident a short time after its occurrence. He testified that most of the debris was in the southbound lane of traffic. Otis Patrick disputes the State’s version of the facts and testified that he and seven others had consumed only two one-half pints of whis-ky shortly before the accident. He stated that he was able to drive as if he had nothing to drink; he was travelling 40-45 miles per hour, and he noticed the Tadlock vehicle astraddle the center line of the highway when he was 175 yards away from it. He testified that the last thing he remembered was applying his brakes in order to avoid collision with the Tadlock vehicle.
The accused argues four assignments of error. He first contends that the trial court erred in overruling defendant’s *669 motion for a mistrial. This assignment is based upon a motion dictated by defendant’s counsel as follows:
Based upon the statement made by one of the prospective jurors, Mr. Clyde Morrow, in response to questions of the Judge, stated in open Court, “I think they got the right fellow,” or right man. Based upon this statement made in — during the questioning of the prospective jurors, comes now the Defendant in this cause and moves this Honorable Court for a mistrial.
By the Court: The motion is overruled.
We are of the opinion that this assignment is not well taken. The juror Clyde Morrow did not serve on the case. In Franklin v. State, 189 Miss. 142, 196 So. 787 (1940), which involved a murder prosecution in which a venireman indicated his views about the guilt of the defendant during the voir dire examination, this Court stated:
We are of the opinion that there was no reversible error * * * because the venireman said in the presence of the others upon his trial that he thought they were guilty * * *. (189 Miss, at 166, 196 So. at 792).
Moreover, this motion was not substantiated either by proof or a special bill of exceptions. Motions are always at issue. Harvey v. State, 218 So.2d 9 (Miss. 1969).
The second proposition argued by the accused is the contention that the trial court erred in overruling the motion for a directed verdict when the state closed its case. The third question argued by the accused is based on the action of the trial court in refusing the peremptory instruction. The fourth question raised is the contention that the verdict was contrary to the overwhelming weight of the evidence. All of these assignments of error concern the sufficiency of the evidence.
The defendant was indicted under Mississippi Code 1942 Annotated, Section 2232 (1956), which is as follows:
Every other killing of a human being, by the act, procurement, or culpable negligence of another, and without authority of law, not provided for in this chapter, shall be manslaughter.
In Ford v. State, 226 So.2d 378 (Miss. 1969), the Court held that if the accused was guilty of such gross negligence as to evince wanton, reckless disregard for the safety of human life, or such indifference to the consequences of his act as to render his act tantamount to willfulness, he was guilty of culpable negligence under this statute. In the case before us, the testimony of the sheriff is clear and unequivocal concerning the manner in which the defendant was operating his motor vehicle immediately before and at the time of the fatal collision. The physical facts corroborate the sheriff. The jury was fully justified in rejecting the defendant’s testimony and accepting that of the sheriff, the doctor, and the highway patrolman, and in returning a verdict of guilty. We find no merit in the last three assignments of error.
A careful review of the evidence and the several contentions made on this appeal reveal no reversible error. Therefore, the judgment of conviction is affirmed.
Affirmed.
RODGERS, JONES, BRADY and IN-ZER, JJ., concur.