441 So.2d 536 (1983)
Kenneth Edward DICKERSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 54011.
Supreme Court of Mississippi.
December 7, 1983.
*537 Jimmy D. McGuire, Gulfport, for appellant.
Bill Allain, Atty. Gen. by Walter L. Turner, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and HAWKINS and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
Drunken drivers destroy life, limb and property with callous indifference. Our citizenry is outraged. That outrage without doubt played a substantial role in Kenneth Edward Dickerson's conviction of the manslaughter of Edward David Russell, a conviction which for the reasons explained below cannot stand.
In the early morning hours of November 21, 1980, during the dark of night Dickerson was proceeding easterly on Pass Road, a four lane east-west thoroughfare connecting Biloxi and Gulfport. Though he was under the influence of intoxicating liquors, Dickerson was in a lawful lane of traffic. At most he was slightly exceeding the speed limit, when he suddenly came upon an unlighted unmarked vehicle blocking the road ahead of him. Dickerson applied his brakes immediately but skidded into the car and struck Edward David Russell who was standing nearby, killing him instantly.
It is true that Dickerson had been drinking earlier that evening  he had just gotten back into town after a long tour of duty offshore. It is not true, however, that Dickerson's conduct and particularly his intoxication evidenced culpable negligence sufficient to uphold the jury's verdict of guilty of manslaughter. Whatever sins Dickerson may have committed on the evening in question, manslaughter was not among them.

II.
On March 16, 1981, Dickerson was charged in an indictment returned by the Harrison County Grand Jury with the manslaughter of Edward David Russell. In due course he was put to trial, and on November 23, 1981, the jury found him guilty as charged.
At the conclusion of the State's case Dickerson moved for a directed verdict of acquittal. The motion was denied. Then at the conclusion of all of the evidence, Dickerson requested a peremptory instruction in his favor. The instruction was also denied. Following the return of the jury's verdict, Dickerson filed a timely motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. One of the bases of that motion was Dickerson's assertion that as a matter of law the State had failed to prove him guilty of manslaughter. This motion was overruled and the instant appeal has ensued.
On this appeal, Dickerson has assigned three points. Two of those  alleged improper final argument by the State's attorney and alleged improper admission of inflammatory photographs of the deceased  would, if credited here, result in a new trial. The third  that as a matter of law the State's proof fails to establish that Dickerson was guilty of manslaughter  is dispositive. Because we find this assignment well taken, the others are rendered moot.

III.
Manslaughter has been made an offense against the peace and dignity of the state by several acts of the legislature. We are *538 here concerned with only one of these, Miss. Code (1972) § 97-3-47, which provides as follows:
Every other killing of a human being by the act, procurement or culpable negligence of another, and without authority of law, not provided for in this title, shall be manslaughter.
This statute has been authoritatively construed in Smith v. State, 197 Miss. 802, 20 So.2d 701 (1945), a case involving alleged manslaughter with an automobile, to require that, before the defendant may be convicted, the state must prove that he
was guilty of such gross negligence on the occasion complained of as evince on his part a wanton or reckless disregard for the safety of human life, or such an indifference to the consequences of his act under the surrounding circumstances as to render his conduct tantamount to willfulness. 197 Miss. at 812, 20 So.2d at 703.
The Smith opinion goes on to make clear that:
The phrase `indifference to consequences' when used in an instruction defining culpable negligence should clearly inform the jury that what is meant is an indifference under the circumstances involving danger to human life  the equivalent to criminal intent. 197 Miss. at 814, 20 So.2d at 704.
Finally, by way of contrast with other forms of negligence familiar in our law, Smith states:
In order then to give the term culpable negligence in the statute its proper setting instead of harking back to gross negligence, the term culpable negligence should be construed to mean a negligence of a higher degree than that which in civil cases is held to be gross negligence, and must be a negligence of a degree so gross as to be tantamount to a wanton disregard of, or utter indifference to, the safety of human life, and that this shall be so clearly evidenced as to place it beyond every reasonable doubt. 197 Miss. at 818-819, 20 So.2d at 706.
All of this refers to the defendant. It fleshes out what the state must prove about the defendant's conduct to obtain a conviction. Of the victim, the deceased, the statute merely says that he or she must have been "a human being", Miss. Code Ann. § 97-3-47, (1972), nothing more. We note this point because the papers before us are replete with suggestions that Edward David Russell was immediately prior to his death substantially intoxicated and that he was guilty of gross negligence for his own personal safety.
Contributory negligence is not a defense to manslaughter. All that the state must prove with respect to the victim is that he was prior to the incident a live human being. The homicide laws of this State protect all living beings within the jurisdiction, sinners as well as saints, drunks as well as deacons.
The State well proved that Edward David Russell was very much alive prior to 2:00 a.m. on November 21, 1980. Having proved that, the emphasis wholly shifts to Dickerson and the question of whether or not the State has proved that he was guilty of culpable negligence which proximately caused Russell's death.
We emphasize our procedural context. We are confronted with a jury's verdict that Dickerson has committed the criminal offense of manslaughter. Our general concern is whether there is in the record evidence sufficient to support the jury's verdict. As we have said repeatedly, the jury is charged with the responsibility for weighing and considering conflicting evidence and the credibility of witnesses. See, e.g., Gathright v. State, 380 So.2d 1276, 1278 (Miss. 1980). Once the jury has returned a verdict of guilty in a criminal case, we are not at liberty to direct that the defendant be discharged short of a conclusion on our part that on the evidence, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty. Pearson v. State, 428 So.2d 1361, 1364 (Miss. 1983); Gandy v. State, 438 So.2d 279, 285 (Miss. 1983).
*539 This Court has affirmed manslaughter convictions arising out of automobile accidents where they were supported by substantial evidence. See, e.g., Gandy v. State, 373 So.2d 1042 (Miss. 1979) (evidence was sufficient for jury to determine that defendant was intoxicated and in wrong lane of traffic at time of collision so as to establish culpable negligence); Cowan v. State, 399 So.2d 1346 (Miss. 1981) (conviction for involuntary manslaughter upheld where defendant's negligent driving caused three car collision resulting in death of a child); Goldman v. State, 406 So.2d 816 (Miss. 1981) (the evidence showing that the defendant collided with the car of the deceased while passing across a solid yellow line supported the jury's verdict holding him guilty of manslaughter); Alford v. State, 433 So.2d 940 (Miss. 1983) (conviction for manslaughter resulting from an automobile collision affirmed when intoxicated defendant passed a vehicle and killed the woman in oncoming car); and Williams v. State, 434 So.2d 1340, 1343 (Miss. 1983) ("accident could not have occurred without the highest degree of negligence").
When considering cases of this sort, we must keep well in mind that the defendant is being prosecuted, not for driving while under the influence of intoxicating liquor, but for culpable negligence. Cutshall v. State, 191 Miss. 764, 772, 4 So.2d 289, 291 (1941).
Cutshall makes clear that:
For it [intoxication] to be a factor in a case involving culpable negligence it must create an abnormal mental and physical condition which tends to deprive one of the clearness of intellect and control of himself which he would otherwise possess.
In order for the influence of intoxicating liquors to be a factor in showing criminally culpable negligence it must contribute proximately both to the establishment of such negligence and to the resultant death. [Citations omitted]. 191 Miss. at 772, 4 So.2d at 292.
Under the law of this state the driving of an automobile while under the influence of intoxicating liquors does not constitute a prima facie case of manslaughter. Cutshall v. State, 191 Miss. 764, 771, 4 So.2d 289, 291 (1941); Gandy v. State, 373 So.2d 1042, 1046 (Miss. 1979).
There is credible evidence in this record from which a jury could rationally find that at the time on the occasion in question Dickerson was under the influence of intoxicating liquors in an amount exceeding that permitted by law. Straining the proof, we might even say that Dickerson was driving near 40 miles an hour in a 35 mile per hour speed zone, hardly a hanging offense, on a four lane road at 2:00 a.m. in the morning.
The facts which in our view are dispositive are these: The Dickerson automobile was in a proper lane of travel. There was no evidence that the automobile had been operating in an unsafe manner under the circumstances. The Russell automobile was parked in the middle of Dickerson's lawful lane of traffic. It had no lights on. There was nothing about the Russell automobile to call attention to it other than the existence of the automobile itself.
Whether Dickerson saw the deceased prior to the accident we do not know. Wallace Austin who passed the scene only moments before saw the automobile but did not state that he saw Russell or anyone else around it. The witness Austin had no trouble with Russell or his automobile no doubt because Austin was traveling in a different direction. Russell's parked automobile was not blocking Austin's lane of travel.
Highly significant are the skid marks from Dickerson's automobile. They indicate that Dickerson applied his brakes with force, at least 82 feet nine inches before the point of impact. Dickerson took reasonable evasive action once he saw the Russell vehicle. Such is hardly the stuff of which culpable negligence is made.
From the record there is no rational basis for anyone concluding that the result would have differed had Dickerson been completely sober as he approached Russell and his automobile. There is in this record simply *540 no evidence that Dickerson's intoxication contributed to any negligent driving or to Russell's death. The most the State's proof could be construed to show is momentary inattention, the equivalent of negligence in a civil action.
The contrast of this case with Hynum v. State, 222 Miss. 817, 77 So.2d 313 (1955); and Patrick v. State, 249 So.2d 667 (Miss. 1971) drives home the point. In both Hynum and Patrick, the defendants were intoxicated and were driving 75 miles per hour on the wrong side of the road when they struck their respective victims. In the case at bar, Dickerson's conduct was qualitatively different, was qualitatively less than culpable, even when viewed in the light most favorable to the State.

IV.
We need to be clear about what today's decision does not hold. We do not hold that Dickerson was not guilty of operating a motor vehicle under the influence of intoxicating liquors. Similarly, we do not hold that Dickerson was not guilty of negligence such as might impose upon him some liability in a civil action for damages. These questions are not involved in the present case. What  and all  we hold is that Dickerson was not guilty of such negligence as to evince a wanton and reckless disregard for the safety of human life, or such indifference to the consequences of his actions as to render his conduct tantamount to willfulness. See Smith v. State, 197 Miss. 802, 20 So.2d 701 (1945); Frazier v. State, 289 So.2d 690, 691 (Miss. 1974). In a word, Dickerson was not guilty of manslaughter.
Even truer today than a decade ago when they were spoken are Chief Justice Gillespie's reflections:
This Court is fully aware of the growing menace of the intoxicated driver, and we fully concur in the growing tendency to condemn drunken drivers. However, these laudable sentiments should not find outlet in convicting an automobile driver who is involved in a fatal accident merely because liquor is injected into the case. Frazier v. State, 289 So.2d 690, 692 (Miss. 1974).
A comparable sentiment was expressed by the Court in Cutshall v. State, supra, over forty years ago.
While the operation of automobiles by those under the influence of intoxicating liquor constitutes a growing menace and is deserving of universal censure and legislative condemnation, yet in a prosecution for manslaughter based upon the culpable negligence of the driver it is the fact that the driver is under the influence of liquor which is important and not the incident that it constitutes a misdemeanor. It is not the fact but the effect of the intoxication which is relevant. 191 Miss. at 772-773, 4 So.2d at 292.
Our decision today should be no means be construed as weakening the authoritative force of our prior cases, many of which are cited above, wherein we have upheld manslaughter convictions of defendants who at the time of their homicides were driving under the influence of intoxicating liquors.
Today's decision merely reemphasizes that when a person is indicted for manslaughter he should be tried for manslaughter, not merely for being intoxicated. We have other laws in this state, providing both civil and criminal sanctions, which are more than adequate to deal with the intoxicated driver whose conduct falls short of the culpable negligence which is the moral equivalent of willfulness sufficient to establish manslaughter.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.