503 So.2d 227 (1987)
Albert B. STEVER
v.
STATE of Mississippi.
No. 56305.
Supreme Court of Mississippi.
February 18, 1987.
*228 Jerry O. Terry, Greaves, Terry & Sheely, Gulfport, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Henry C. Clay, III, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and ROBERTSON and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
Albert B. Stever was convicted of manslaughter by the Circuit Court of the First Judicial District of Harrison County, Mississippi. The conviction was the result of an automobile accident. Judge Leslie B. Grant sentenced Stever to a term of two (2) years in the custody of the Mississippi Department of Corrections.
Stever assigns three errors on this appeal:
I. The lower court erred in refusing to grant judgment of acquittal at the close of the State's case, at the close of the appellant's case, and after verdict of the jury;
II. The lower court erred in admitting into evidence the BAC test performed upon appellant, who was not under arrest; and
III. The lower court erred in refusing to grant a mistrial when it was discovered that nine (9) jurors were guilty of misconduct.
The collision occurred on December 4, 1981, between the hours of 8:30 and 9:00 o'clock p.m., between a pickup truck driven by Stever and a Volkswagen driven by Teresa Marie Zitano. Ms. Zitano was killed. The accident occurred just north of the Kremer Bridge on Lorraine Road.
Lorraine Road is a heavily traveled two-lane asphalt roadway, which accesses Interstate 10 and U.S. Highway 49. On the night of the collision the centerline was difficult to see because it was badly faded and the lighting in the area was poor.
Stever admitted to drinking two "ponies" of beer and later in the day a beer and a half. Four empty beer cans were found in his truck. The prosecution evidence was that Stever's breath smelled of beer, that he was belligerent and that his blood alcohol content was .217.
Stever testified that he was not drunk but fully alert at the time of the accident. He was driving north on Lorraine Road when the Volkswagen suddenly crossed into his lane of traffic according to his testimony. Mrs. Jarrell, a passenger in the vehicle behind the Zitano Volkswagen, testified that she saw the headlights of the truck suddenly go into the south lane in which the Volkswagen was traveling. Mrs. Jarrell however later testified that she only heard the accident and did not see it.
The left front of the Stever truck hit the left front of the Volkswagen. The impact folded the left front wheel of the truck locking it in position. The truck came to rest on the west shoulder of the road pointed back in a southerly direction. The *229 Volkswagen also came to rest partially on the west shoulder and headed in a general southerly direction. Skid marks were found which began approximately two feet inside the south bound lane and stopped at the left front wheel of the truck.
Douglas Jarrell testified that the Volkswagen was in front of the car in which Mrs. Jarrell was riding, and was also traveling south on Lorraine Road. The Volkswagen was about three car lengths in front of the Jarrell vehicle and moving at about 35 miles per hour. Mr. Jarrell did not recall seeing the Volkswagen travel into the north bound lane and he did not notice Stever's truck until after the impact.

DID THE LOWER COURT ERR IN REFUSING TO GRANT A JUDGMENT OF ACQUITTAL AT THE CLOSE OF THE STATE'S CASE, AT THE CLOSE OF STEVER'S CASE, AND AFTER THE VERDICT OF THE JURY?
We have long recognized that in considering vehicular manslaughter cases the issue is not whether the defendant was driving under the influence of intoxicating liquors, but whether the defendant was guilty of culpable negligence. Dickerson v. State, 441 So.2d 536 (Miss. 1983); Gandy v. State, 373 So.2d 1042 (Miss. 1979); Cutshall v. State, 191 Miss. 764, 4 So.2d 289 (1941).
To obtain a conviction for vehicular manslaughter it must be proved beyond a reasonable doubt that the defendant was guilty of culpable negligence. In Dickerson v. State, 441 So.2d 536 (Miss. 1983), we cited Smith v. State, 197 Miss. 802, 20 So.2d 701 (1945), and set forth the requirements necessary to prove culpable negligence. Dickerson held that Smith requires that the state must prove that the defendant
... was guilty of such gross negligence on the occasion complained of as to evince on his part a wanton or reckless disregard for the safety of human life, or such an indifference to the consequences of his act under the surrounding circumstances as to render his conduct tantamount to wilfulness. 197 Miss. at 812, 20 So.2d at 703.
The Smith opinion goes on to make clear that:
The phrase "indifference to consequences" when used in an instruction defining culpable negligence should clearly inform the jury that what is meant is an indifference under the circumstances involving danger to human life  the equivalent to criminal intent. 197 Miss. at 814, 20 So.2d at 704. (Emphasis added).
Dickerson at 538.
Culpable negligence was defined as follows:
In order then to give the term culpable negligence in the statute its proper setting instead of harking back to gross negligence, the term culpable negligence should be construed to mean a negligence of a higher degree than that which in civil cases is held to be gross negligence, and must be a negligence of a degree so gross as to be tantamount to a wanton disregard of, or utter indifference to, the safety of human life, and that this shall be so clearly evidenced as to place it beyond every reasonable doubt. 197 Miss. at 818-819, 20 So.2d at 706. (Emphasis added).
Dickerson at 538.
The question is did the prosecution present evidence sufficient to prove beyond a reasonable doubt that Stever was negligent to such a degree that he was totally indifferent to the safety of human life?
The record has shown that Lorraine Road is a curvy road and the area where the collision occurred was poorly lighted, and the roadway centerline was faded. There was no evidence that Stever was speeding or driving recklessly as he approached the accident scene nor was there any evidence that Stever's physical or mental abilities were impaired by the alcohol. The ambulance driver at the scene after the accident testified that Stever was alert and conscious of his surroundings and conscious of what was going on about him.
*230 The most conclusive evidence against Stever is the testimony of Mrs. Jarrell that she saw Stever's headlights travel into Zitano's lane but this witness also said she heard the accident rather than saw it.[1]

MOTION AT THE END OF THE STATE'S CASE
Stever waived his complaint about the failure of the trial court to grant him a directed verdict when the prosecution rested its case and he went forward with the presentation of evidence on his own behalf. To do otherwise requires the heart of a gambler and nerves of steel, yet to go forward with evidence waives this assignment of error. Clements v. Young, 481 So.2d 263 (Miss. 1985); Shavers v. State, 455 So.2d 1299 (Miss. 1984); Rainer v. State, 438 So.2d 290 (Miss. 1983).

MOTION FOR A DIRECTED VERDICT AT THE END OF ALL EVIDENCE
In regard to this assignment the standard of review is as follows:
The standard of review in judging the sufficiency of the evidence on a motion for a directed verdict requires that we accept as true all evidence favorable to the state, together with reasonable inferences arising therefrom, to disregard the evidence favorable to the defendant, and if such evidence would support a verdict of guilty beyond a reasonable doubt, the trial court's denial of the motion must be affirmed. (Citations omitted).
Haymond v. State, 478 So.2d 297, 299 (Miss. 1985).
When we apply this standard to this record, the jury could not have found a requisite proof that Stever was guilty of culpable negligence beyond a reasonable doubt. Stever's conduct does not reach the level of culpable negligence which is the moral equivalent of criminal intent.
As we reverse on this assignment we need not reach the remaining assignments of error. Because we find that the evidence is insufficient to support the verdict we not only must reverse this conviction and sentence but must render judgment here in favor of Stever.
CONVICTION AND SENTENCE REVERSED AND JUDGMENT RENDERED HERE IN FAVOR OF ALBERT B. STEVER.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.
GRIFFIN, J., not participating.
NOTES
[1] Our resolution of this issue may well have differed had there been eyewitness testimony or other evidence of recklessness on Stever's part. That is what distinguishes this case from Gibson v. State, 503 So.2d 230 (Miss. 1987).