525 So.2d 399 (1988)
Lendell BANKS
v.
STATE of Mississippi.
No. 56560.
Supreme Court of Mississippi.
May 11, 1988.
*400 Houston J. Patton, Jackson, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
We write in this case not because an opinion here will add to the body of law of this state; however, the general public once again must be warned of the likelihood of severe punishment for driving an automobile while under the influence of alcohol.
Unlike manslaughter by way of culpable negligence, simple negligence to which we are all inclined may place otherwise good citizens in the penitentiary for five years. Prior to July 1, 1983, a driver involved in an accident while drinking was guilty of a felony only if another was killed as a result of his "culpable negligence" but on the effective date of Chapter 466, Laws of 1983, the same driver is guilty of a felony if the accident results in the death of another, or causes mutilation, disfigurement, permanent disability, or destroys the tongue, eye, lip, nose, or limb or member thereof and his negligence is no greater than "simple." Some one is usually injured in an accident, and at least one, and often both drivers are negligent to some degree. Our warning is clear. Now on to the case at hand.

I.
The facts are few. On November 17, 1984, in the early morning hours, Robert Brown, John Keith and Mark Pigg left Carthage along Highway 16 in a quest to hunt. As they traveled east in Keith's truck, the men encountered a stranded motorist whose car was parked on the shoulder of the road on the north side of the highway. They stopped to help and parked the truck along the same shoulder in front of the car, which was facing in a westerly direction. The flashers of both vehicles were turned on.
As the group worked on the car, Banks approached from the east travelling west at what was reportedly a high rate of speed. He swerved onto the shoulder and struck the rear of the stranded car, pushing it forward into the truck, and crushing the legs of Brown, who was looking under the hood of the crippled vehicle with his *401 legs extended between the truck and the car.
Officer Donald Brown of the Mississippi Highway Safety Patrol arrived and accompanied Brown and Banks to the hospital. Brown testified that he detected the "aroma" of alcohol on Banks' breath. Brown awaited the report of the attending doctor on Banks' condition, and then took Banks to the Leake County jail where he administered a blood-alcohol test on an intoxilizer. Approximately two hours after the accident, Banks' blood-alcohol content registered at .11 percent. Officer Brown arrested Banks and charged him with DUI.
Banks was indicted under Miss. Code Ann. § 63-11-30(4) (Supp. 1987), which provides that
... every person who operates any motor vehicle in violation of the provisions of subsection (1) of this section[1] and who in a negligent manner causes the death of another or mutilates, disfigures, permanently disables or destroys the tongue, eye, lip, nose or any other limb or member of another shall be committed to the custody of the state department of corrections for a period of time not to exceed five (5) years.
After hearing all the evidence the jury returned a verdict of guilty as charged. Banks was sentenced to serve five (5) years in the Mississippi State Penitentiary, and given eleven days credit for jail time served.
Following motion for j.n.o.v. or, in the alternative, a new trial, which was overruled, Banks makes this appeal.

II.
Banks assigns as error three issues for our review: first, he contends that the lower court erred in failing to grant his motion to suppress Officer Brown's testimony. As an argument for this initial assignment of error he contends that Brown, as the arresting officer, was not present at the scene of the accident, making his arrest unlawful.
Our law is clear on this point. The statute which provides for an arrest where a felony has been committed out of the presence of the arresting party reads in pertinent part as follows:
An officer or private person may arrest any person without warrant, for an indictable offense committed, or a breach of the peace threatened or attempted in his presence; or when a person has committed a felony, though not in his presence; or when a felony has been committed, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it; or on a charge, made upon reasonable cause, of the commission of a felony by the party proposed to be arrested.
Miss. Code Ann. § 99-3-7 (1972).
In McEwen v. State, 224 So.2d 206 (Miss. 1969), this Court held that:
A warrant is not necessary for an arrest when a felony has been committed and there is reasonable ground to believe the one arrested committed the crime.
224 So.2d at 207.
See also, Pickett v. State, 139 Miss. 529, 104 So. 358 (1925).
Hence, we note that all that is necessary to substantiate and make lawful Banks' arrest is reasonable ground for Officer Brown to believe a felony had been committed.
The record reflects that Officer Brown arrived at the scene of the accident shortly after it occurred. Banks identified himself *402 as one of the drivers. Brown rendered assistance to the injured until the ambulance came. Banks left in the ambulance. At the hospital Brown "smelled the aroma of alcoholic beverage" on Banks. After Banks was released from the doctor's care, Brown took him to jail to determine if he had been drinking and whether Banks was DUI at the time the accident took place. Before doing so, Brown told Banks he had a right to refuse the test or have a blood test done. Banks gave full consent to the intoxilizer test.
At the time Brown took Banks to jail, he knew that an automobile accident had occurred; that someone was seriously injured as a result of that accident; that Banks had been the driver of one of the vehicles involved in the accident; and that Banks smelled of alcohol.
Thus, we find that the evidence unquestionably substantiates that the arresting officer had reasonable ground to suspect that the appellant had been operating his vehicle while under the influence of alcohol, and find no error in the admission of Brown's testimony below.

III.
As a second proposition for reversal of his cause, Banks contends the trial court erred in overruling his motions for directed verdict and for judgment notwithstanding the verdict in that the prosecution failed to prove he operated his vehicle in a negligent manner. Banks argues that the key element of the statute under which he was indicted and ultimately convicted  "in a negligent manner"  is missing from his case and cites Dickerson v. State, 441 So.2d 536 (Miss. 1983), as controlling at bar.
In Dickerson, we held that culpable negligence had not been established by the State and therefore defendant could not be found guilty of manslaughter under Miss. Code Ann. § 97-3-47 (1972). 441 So.2d at 586.[2]
This is not the proper case for our review. In Craig v. State, 520 So.2d 487 (Miss. 1988), quoting from Cutshall v. State, 191 Miss. 764, 4 So.2d 289 (Miss. 1941), and in Dickerson, supra, we held that
... while driving a motor vehicle under the influence of intoxicating liquors is a crime in and of itself, and an undoubted serious menace upon our highways and streets, this in and of itself does not constitute culpable negligence, nor does it make what would otherwise be no more than a negligent act in operating a motor vehicle culpable under the meaning of the statute. See also, Stever v. State [503 So.2d 227 (Miss. 1987)] supra.

However, in Craig, supra, at 492-93, although the evidence was insufficient to show culpability under § 97-3-47, we did find there was adequate proof of negligence to convict defendant therein under Miss. Code Ann. § 63-11-30(4), and the cause was remanded to the circuit court for sentencing thereunder.
Appellant would first have us review denial of his motion for a directed verdict and next his motion for j.n.o.v., based on a failure to make a proper showing of negligence.
In passing upon a motion for directed verdict or peremptory instruction in a criminal case, courts must assume that all evidence for the state is true and that all reasonable inferences that may be drawn from the evidence are true, and, if from all the testimony there is enough in the record to support a verdict, motion should be overruled.
Barker v. State, 463 So.2d 1080 (Miss. 1985).
Because we have found ample evidence of negligence in the record before us today to support Banks' conviction under § 63-11-30(4), we believe the motion for directed verdict was properly denied.
*403 As to appellant's assigned error in the denial of his motion for judgment notwithstanding the verdict, the following standard of review applies:
On motion for judgment of acquittal notwithstanding verdict, trial court must consider all evidence, and not just evidence which supports state's case, in light most favorable to state; credible evidence which is consistent with verdict must be accepted as true. Clemons v. State, 482 So.2d 1102. (Miss. 1985).
For the foregoing reasons, we believe this motion, too, was properly denied.

IV.
As his final proposition, Banks contends the lower court erred in overruling his motion to quash the indictment in that the indictment in question is unconstitutional by imposing cruel and unusual punishment against him.
This assignment of error is without merit. The statute in question imposes a maximum five-year penalty for the operation of a vehicle in violation of the Implied Consent Law coupled with negligently causing the death or mutilation of another. There is nothing arbitrary in such legislative action nor does it constitute cruel and unusual punishment as contemplated by the U.S. Supreme Court in the case cited by appellant, Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). This Court has held in numerous decisions that the imposition of a sentence by the trial judge does not constitute cruel and inhuman punishment and is not an abuse of discretion if within statutory limits. A.J. Byrd v. State, 522 So.2d 756 (Miss. 1988). See also, Presley v. State, 474 So.2d 612 (Miss. 1985); Johnson v. State, 461 So.2d 1288 (Miss. 1984); Contreras v. State, 445 So.2d 543 (Miss. 1984); Boyington v. State, 389 So.2d 485 (Miss. 1980); Boone v. State, 291 So.2d 182 (Miss. 1974); Russell v. State, 220 So.2d 334 (Miss. 1969).
Finally, we note that appellant cites no law or argument supportive of his proposition. This Court has said time and again that failure to do so is fatal to appellant's position.
There being no merit to this or any other proposition, we affirm.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
NOTES
[1] §§ 63-11-1, et seq. encompass our Implied Consent Law. Subsection (1) of § 63-11-30 under this Act states that it is unlawful for any person to drive or otherwise operate a vehicle within this state who

(a) is under the influence of intoxicating liquor;
(b) is under the influence of any other substance which has impaired such person's ability to operate a motor vehicle; or
(c) has ten one-hundredths percent (.10%) or more by weight volume of alcohol in the person's blood based upon milligrams of alcohol per one hundred (100) cubic centimeters of blood as shown by a chemical analysis of such person's breath, blood or urine administered as authorized by this chapter.
[2] Section 97-3-47 states that "[e]very other killing of a human being, by the act, procurement, or culpable negligence of another, and without authority of law, not provided for in this title, shall be manslaughter." (emphasis added) We have interpreted this statute to state that a showing of simple negligence will not support a conviction under this provision. See, Bailey v. State, 176 Miss. 579, 169 So. 765 (1936).