# IN THE COURT OF APPEALS 05/21/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 95-KA-00235 COA

ROY LEE JACKSON A/K/A RAY LEE JACKSON A/K/A "LI'L LEE" A/K/A LITTLE LEE

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. KENNETH L. THOMAS

COURT FROM WHICH APPEALED: COAHOMA COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

DARNELL FELTON

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL BY: PAT FLYNN

DISTRICT ATTORNEY: LAURENCE Y. MELLEN

NATURE OF THE CASE: CRIMINAL - BURGLARY

TRIAL COURT DISPOSITION: CONVICTED AND SENTENCED AS AN HABITUAL OFFENDER TO SERVE A TERM OF SEVEN (7) YEARS IN THE CUSTODY OF THE MDOC


BEFORE THOMAS, P.J., BARBER, AND PAYNE, JJ.

PER CURIAM:

Roy Lee Jackson was convicted of burglary. He was sentenced as an habitual offender to serve a term of seven years in prison. On appeal, Jackson asserts that the evidence submitted was insufficient to support a guilty verdict. Finding Jackson's argument without merit, we affirm.

Jackson was indicted and convicted for burglarizing a bicycle shop in Clarksdale. Approximately twelve bikes were taken along with a small refrigerator and a motorized go-cart. Many of the stolen articles were found at Jackson's home. The refrigerator was located at the house next door. The testimony at trial revealed that Jackson had requested that his next door neighbor keep the refrigerator for Jackson until a later date.

Several individuals were involved in the burglary. Three of the accomplices testified at trial that Jackson, although he had been drinking that evening, participated in the burglary. Jackson claims that he drank so much on the evening of the burglary, he was too drunk to have been involved. He stated that he had passed out from drinking too much during the early evening hours of the night of the burglary and remained at home, asleep, until the morning after the burglary. Jackson also claims to have found the stolen merchandise the day after the burglary in the tall grass behind his house, and that is how he came to be in possession of it.

On appeal, Jackson argues that because the witnesses' testimony regarding certain details of the events of the evening of the burglary differed, their entire testimony was without credibility and thereby impeached. Jackson asserts that the only remaining evidence against him is the possession of the stolen items. That alone, he claims is insufficient to support a verdict against him.

Jackson is, however, procedurally barred from asserting this error on appeal. Jackson moved for a directed verdict at the end of the prosecution's case. That motion was denied by the trial court. Thereafter, Jackson proceeded to go forth with his case in chief and introduced evidence in his own behalf. Jackson did not renew his motion for a directed verdict at the close of all the evidence nor did he request a peremptory instruction or JNOV. It is well settled that where a defending party, following the denying of a motion for a directed verdict, goes forward with evidence of his own, he waives the right to assert this ruling as error on appeal. *Stever v. State*, 503 So. 2d 227, 230 (Miss. 1987).

Nevertheless, assuming arguendo that there was no procedural bar, Jackson still cannot prevail on his theory. We do not find that minor discrepancies in the testimony of the State's witnesses are sufficient to cast doubt upon their entire testimony. Thus, there is more than mere possession upon which to base a conviction. There is corroborated eyewitness testimony. Where, as here, the evidence for the State and Defendant are in conflict, a classic jury issue is created. We may reverse only where the evidence is such that reasonable and fair minded jurors could only find the defendant not guilty. *Wetz v. State*, 503 So. 2d 803, 808 (Miss. 1987). After reading the record, we find that the guilty verdict was supported by sufficient credible evidence. Therefore, the trial court did not abuse its discretion in denying Jackson's motion for a directed verdict. Accordingly, Jackson's conviction is affirmed.

**THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY AND SENTENCE OF SEVEN (7) YEARS IN THE CUSTODY OF THE**

MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER IS AFFIRMED. COSTS ARE ASSESSED AGAINST COAHOMA COUNTY.

FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, DIAZ, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.