751 So.2d 489 (1999)
Monica Jean FRAMBES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00921-COA.
Court of Appeals of Mississippi.
September 21, 1999.
Glenn F. Rishel, Jr., Jackson, Attorney for Appellant.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
EN BANC:

*490 MODIFIED OPINION ON MOTION FOR REHEARING
KING P. J., for the Court:
¶ 1. This case is back before this Court upon the State's motion for rehearing. The prior opinion
of this Court is withdrawn, and this opinion substituted in its stead.
¶ 2. Monica Jean Frambes was convicted of felony driving under the influence of alcohol causing death and sentenced to serve a term of fifteen years with eight years suspended in the custody of the Mississippi Department of Corrections. Aggrieved by her conviction and sentence, Frambes has appealed and assigned seven errors. This Court quotes these errors verbatim:
I. THAT THE OVERWHELMING WEIGHT OF THE EVIDENCE CONTRADICTS THE VERDICT OF THE JURY.
II. THAT ACCEPTING AS TRUE ALL THE EVIDENCE FAVORABLE TO THE STATE, TOGETHER WITH ALL REASONABLE INFERENCES ARISING THEREFROM AND DISREGARDING THE EVIDENCE FAVORABLE TO THE DEFENDANT, THE EVIDENCE DOES NOT SUPPORT A VERDICT OF GUILTY BEYOND A REASONABLE DOUBT.
III. THAT THE SUSPENSION OF THE DEFENDANT'S PRIVILEGE TO DRIVE BY THE STATE OF MISSISSIPPI AND HER SUBSEQUENT CONVICTION UNDER SECTION 63-11-30(4), MISS. CODE ANN., PLACES THE DEFENDANT TWICE IN JEOPARDY OF LIFE AND LIMB CONTRARY TO THE CONSTITUTION OF THE UNITED STATES AND THE STATE OF MISSISSIPPI.
IV. THAT THE TESTIMONY OF THE STATE'S EXPERT, DR. MCGARRY, REGARDING THE MAGNITUDE OF THE FORCE OF IMPACT SUFFERED BY L.B. MCNAIR, VIOLATED THE RULES OF EVIDENCE AND THE UNIFORM CRIMINAL RULES OF CIRCUIT COURT PRACTICE AND THE CIRCUIT JUDGE ABUSED HIS DISCRETION IN ALLOWING THE STATE TO PRESENT THIS EVIDENCE.
V. THAT THE COURT'S JURY INSTRUCTION # 4 IS NOT A CORRECT STATEMENT OF THE LAW AND PREJUDICED THE JURY AGAINST THE DEFENDANT.
VI. THAT THE COURT'S JURY INSTRUCTION # 5 SHOULD NOT HAVE BEEN GIVEN SINCE THERE IS NO EVIDENCE TO SUPPORT THE INSTRUCTION.
VII. THAT THE COURT ERRED BY REFUSING TO SUBMIT JURY INSTRUCTION D-11 TO THE JURY.
¶ 3. Finding error, this Court reverses the circuit court judgment.

FACTS
¶ 4. On December 15, 1994, Monica Frambes attended a birthday party at a community center in Gulfport, Mississippi. While there, she consumed several twelve ounce beers. At approximately 2 a.m., Frambes and her sister left the party and went to her sister's house where Frambes fell asleep. After sleeping for forty-five minutes, Frambes awoke and drank a swallow of beer. She then decided to drive to her boyfriend's house.
¶ 5. While proceeding to her boyfriend's house, Frambes drove on 34th street in Gulfport and then onto Highway 49. At the intersection of Highway 49 and Martin Luther King Street, she turned right onto Martin Luther King Street. While driving on this street, Frambes hit L.B. McNair, an elderly man, as he walked across the street. She drove further down the street, but returned to the scene of the accident. After being informed that a resident in the area had called the police, Frambes waited for them to arrive.
¶ 6. Willie Bryant witnessed the accident. She had turned onto Martin Luther *491 King Street and traveled approximately 30 feet behind Frambes's car. Ms. Bryant later testified that it appeared that Frambes had been speeding. It was also Ms. Bryant's opinion that Frambes appeared to have been drinking because her eyes were glossy and she staggered while walking.
¶ 7. Charles Tillman, a patrol officer for the Gulfport Police Department, was dispatched to the scene of the accident. His patrol car was equipped with a video camera and a wireless microphone was clipped to his shirt. When Officer Tillman arrived, Frambes walked up to him and stated that she had been drinking. At this point, he began an investigation for DUI violations.
¶ 8. At the start of the investigation, Officer Tillman requested that Frambes move to the front of his patrol car so that the video camera could record the administration of several field sobriety tests. He initially conducted a horizontal gaze nystagmus test which measured the jerkiness in Frambes eyes when focused on an object that moved in front of her face, right to left or left to right. This test required that Officer Tillman look for six clues to indicate the influence of alcohol. He found six clues, the maximum number that could have been achieved.
¶ 9. The preliminary breath tests proved positive for the presence of alcohol, and the official Intoxilyzer Breathalizer measured her blood alcohol level at .159.[1] Because she could not balance herself well, Frambes failed several portions of the walk-and-turn test and the one-leg test.
¶ 10. It was later determined by Dr. Paul McGarry, a forensic pathologist, that Mr. McNair died from blunt injury of great force. He sustained extensive injuries to his head, neck, trunk, and extremities.
¶ 11. Frambes was subsequently indicted for driving under the influence and causing the death of Mr. McNair. She admitted having consumed several beers prior to hitting Mr. McNair. However, Frambes claimed that Mr. McNair walked out in front of her car and was, therefore, contributorily negligent causing his own death. A trial was held, and the jury convicted Frambes. Frambes's motion for judgment notwithstanding the verdict and new trial was denied. She now appeals her conviction and sentence.

DISCUSSION
¶ 12. Frambes contends that State Jury Instruction 4A was not a correct statement of the law and therefore prejudiced the jury. She argues that this instruction improperly instructed the jury to disregard any negligence on the part of the decedent unless they were convinced beyond a reasonable doubt that the decedent's negligence was the sole cause of death.
¶ 13. State Instruction 4A read as follows:
The Court instructs the jury that negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably prudent person would use under like or similar circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like or similar circumstances or in failing to do something that a reasonably careful person would do under like or similar circumstances. You are instructed that the contributory negligence is not a defense to the crime charged unless you are convinced beyond a reasonable doubt that the decedent's negligence, if any, was the sole proximate cause of the collision.
¶ 14. It is well settled in Mississippi criminal law that the defendant is not required to prove his innocence. Heidel v. State, 587 So.2d 835, 843 (Miss.1991). The *492 State must prove the defendant's guilt beyond a reasonable doubt. Id. Though the defendant bears the burden of persuasion regarding matters he alleges affirmatively, mere persuasion is not to be equated with the obligation of proving one's innocence beyond a reasonable doubt.
¶ 15. State Instruction 4A indicated that Frambes's defense of contributory negligence must be proven beyond a reasonable doubt. This instruction effectively placed the burden of proving innocence on Frambes and "instructions that shift the burden to the accused are error...." Id. Accordingly, this Court finds that State Instruction 4A was improper, and therefore should not have been granted.
¶ 16. This Court's findings, that instruction 4A improperly shifted the burden of proof, should not be read as a repudiation of Dickerson v. State, 441 So.2d 536. Dickerson held that contributory negligence was not a defense to manslaughter Id. at 538. It is significant that Dickerson was charged with manslaughter, while Frambes was charged with felony DUI, resulting in death, pursuant to M.C.A., 63-11-30(4).
¶ 17. Felony DUI causing death is not manslaughter, but is a separate and distinct, though lesser included offense of manslaughter Evans v. State, 562 So.2d 91 (Miss.1990). Conviction of manslaughter requires an active disregard of the danger to others. Felony DUI merely requires a negligent act, from which death or injury results Wilkerson v. State, 731 So.2d 1173, 1180 (Miss.1999).
¶ 18. The State suggests that because contributory negligence is not a defense to a charge of manslaughter under Dickerson, this instruction should be held as harmless error. Where the state is granted a jury instruction which (1) misstates and misapplies the law, and (2) shifts the burden of proof this Court will not excuse such prejudicial actions, by finding them to be harmless error.
¶ 19. The trial judge having improperly granted State Instruction 4A, we find reversible error and remand for a new trial. Having reversed on this error, this Court finds it unnecessary to address the remaining issues.
¶ 20. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING UNDER INFLUENCE CAUSING DEATH IS REVERSED AND REMANDED FOR A NEW TRIAL. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
BRIDGES, DIAZ, IRVING,LEE, AND PAYNE, JJ, CONCUR.
SOUTHWICK, P.J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY McMILLIN, C.J. MOORE AND THOMAS, JJ., NOT PARTICIPATING.
SOUTHWICK, P.J., concurring
¶ 21. My agreement with the majority's result does not overcome my concern for the majority's approach in reaching it. My focus is on the discussion of the contributory negligence instruction. I do not agree that an improper placing of the burden of proof can never be harmless error if the issue is actually irrelevant to the proceedings. However, what the erroneous instruction accomplished was to sidetrack the jury into considerations of the deceased's contributory negligence. The issue should only have been whether the actions by the accused were part of the causation.
¶ 22. A proper instruction for the jury could have stated that it was the State's burden to prove beyond a reasonable doubt that Monica Frambes's driving under the influence was a cause in fact of the death of Mr. McNair. This means that but for Frambes's illegal act the death would not have occurred. WAYNE R. LAFAVE & AUSTIN W. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW § 3.12(a) & (b) (1986). If either party wanted some reference to Mr. McNair's role in the accident, that still had to be explained in terms of the State's burden to prove its entire case beyond a reasonable doubt. The jury perhaps could *493 have been told that unless it believed beyond a reasonable doubt that the actions of Mr. McNair were not the sole cause of the accident, then it must acquit. This is the opposite of what instruction 4A provided, which was that the jury could acquit only if it was convinced beyond a reasonable doubt that Mr. McNair was the sole proximate cause of his own death. If the evidence placed a belief in the minds of jurors that Mr. McNair may have been the sole cause, a belief sufficient for them to have a reasonable doubt that Frambes's drunkenness was any part of the cause, then acquittal was required.
¶ 23. The State on rehearing asserts that contributory negligence is not a defense to manslaughter. Dickerson v. State, 441 So.2d 536, 538 (Miss.1983). The manslaughter statute being interpreted in Dickerson requires that the death occur because of the "culpable negligence of another," which certainly does not imply that the negligence must be the sole cause. Id. at 538; Miss.Code Ann. § 97-3-47 (Rev. 1994). The State would apply the Dickerson holding to the present prosecution since another case holds that manslaughter caused by a person's driving while intoxicated is a lesser-included offense of this manslaughter statute. Evans v. State, 562 So.2d 91, 96-97 (Miss.1990); Miss. Code Ann. § 63-11-30(4) (Supp.1998). Though the statutory elements of the two crimes are quite different, this rule applies at least when the charge of culpable negligence manslaughter arises from a vehicular accident with an intoxicated driver. Mayfield v. State, 612 So.2d 1120, 1125 (Miss.1992). DUI manslaughter would not appear to be lesser-included under traditional analysis, which requires that the lesser offense contain no element not in the greater. Harper v. State, 478 So.2d 1017, 1021 (Miss.1985). Focusing on the elements of the offense was rejected in Mayfield.
¶ 24. Therefore I agree with the majority here that some contribution to the cause of death either by the deceased or by a third party would not be a "defense" to DUI manslaughter, just as it is not a defense to culpable negligence manslaughter. The statute provides that any person driving under the influence "who in a negligent manner causes the death of another" is guilty of this felony. Miss.Code Ann. § 63-11-30(4). Though the negligent actions of the deceased cannot be a defense, they can be quite relevant as to causation. The defendant's intoxication and resulting negligent driving must have caused the death. I take that to be traditional causation analysis that "but for" the actions of the accused the death would not have occurred. The negligence of the accused need not be the sole cause, which is why the contributory negligence of the deceased or of a third party are not a defense. Still, the actions of the deceased or a third party cannot be solely responsible for the death. The distinction is simple: a deceased's contribution to his own death does not exonerate a defendant who also contributed to the death; however, if a defendant is not any part of the cause of death, that prevents criminal liability.
¶ 25. I agree with the State that contributory negligence is an irrelevant concept. What is relevant and therefore made the instruction harmful, is that the burden is on the State to prove beyond a reasonable doubt that but for Frambes's negligence in driving while intoxicated, Mr. McNair's death would not have occurred. The erroneous instruction required the jury to convict unless it believed beyond a reasonable doubt that Mr. McNair was the sole proximate cause; instead the jury only had to fail to believe beyond a reasonable doubt that Frambes's actions were a cause. The fact that other instructions not mentioned here better described the proper burden does not remove the harm from the challenged instruction.
¶ 26. I concur.
McMILLIN, C.J., JOINS THIS SEPARATE OPINION.
NOTES
[1] Sam Howell, an expert in forensic toxicology, later testified that the legal blood alcohol level for driving in Mississippi is .10 for persons over the age of 21.