521 So.2d 882 (1988)
Earskin CHILDS, Jr.
v.
STATE of Mississippi.
No. 57451.
Supreme Court of Mississippi.
March 2, 1988.
Charles D. Easley, Jr., Columbus, Thomas J. Lowe, Jr., Jackson, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and ANDERSON, JJ.
SULLIVAN, Justice, for the Court:
Earskin Childs, Jr., was tried and found guilty of manslaughter by the Circuit Court of Lowndes County, Mississippi. Childs was sentenced to ten (10) years in the custody of the Mississippi Department of Corrections.
On June 23, 1985, a vehicle driven by Earskin Childs, and occupied by Glenn Walton and Dennis Moore ran a stop sign and collided with an 18 wheeler driven by Carlon Edgar at the intersection of Kolola Springs Road and Highway 45 North in Lowndes County. Dennis Moore, who was trapped inside the vehicle, died as a result of the accident. According to Edgar, the truck driver, he was traveling South on Highway 45 at an estimated speed of 55 to 60 miles per hour when he felt an impact on the rear of the driver's side of his truck and then felt the truck turning over onto its right side after which he remembers nothing.
Childs testified that he did not see the stop sign at the intersection and that when *883 he applied his brakes, nothing happened. According to Childs, the truck was traveling 70 to 75 miles an hour. After giving a statement, Childs was carried to the hospital where some four hours later tests showed that he had an alcohol breath content of.165 percent. Childs admitted to having had several beers during the afternoon and evening.
Elsworth Turan, who witnessed the accident, testified that it appeared that Childs' vehicle was going to turn south but collided with a truck when it entered the intersection. Turan saw the truck turn on its side and come to rest on the right shoulder of the road. He said that Childs' vehicle was struck once on the front passenger side, spun around, and struck again in the rear by the truck's rear tires.
Because we find Childs' other assignments without merit, the only issue presented by this case is "Was Childs properly sentenced to ten years in the department of corrections under Mississippi Code Annotated, Section 97-3-47, which governs manslaughter through culpable negligence or should he have been sentenced under Mississippi's implied consent law?" Mississippi Code Annotated, Section 63-11-30(1) of that act states in part:
§ 63-11-30. Penalties for operation of vehicle while under influence of intoxicating liquor or other substance that impairs ability to operate vehicle; where violation causes injury or death to another person.
(1) It is unlawful for any person to drive or otherwise operate a vehicle within this state who
(a) is under the influence of intoxicating liquor;
(b) is under the influence of any other substance which has impaired such person's ability to operate a motor vehicle; or ...
Subsection 4 of this statute sets forth the crime of injury to or killing of another person while operating a motor vehicle in violation of subsection (1), supra, and the penalty therefor:
(4) Every person who operates any motor vehicle in violation of the provisions of subsection (1) of this section and who in a negligent manner causes the death of another or mutilates, disfigures, permanently disables or destroys the tongue, eye, lip, nose or any other limb or member of another shall, upon conviction, be guilty of a felony and shall be committed to the custody of the state department of corrections for a period of time not to exceed five (5) years.
In our recent decision of Craig v. State, 520 So.2d 487 (Miss. 1988), speaking for the court, Presiding Justice Hawkins included a thorough discussion of the proof required in cases of manslaughter by culpable negligence. In that case Craig conceded the proof of his guilt of driving while intoxicated and even requested the court to render a sentence of five (5) years in keeping with Section 63-11-30(4), Mississippi Code Annotated (Supp. 1987). That is not the argument presented here by Childs who contends that the State failed in its proof of manslaughter by culpable negligence. We agree.
However, we are of the opinion that the State presented ample proof to support the guilty verdict of the jury of the lesser included offense of negligently killing another while under the influence of intoxicating liquor. On the authority of Craig v. State, we therefore affirm his conviction and remand this cause solely for appropriate sentence under Mississippi Code Annotated, Section 63-11-30(4) (Supp. 1987), in no event to exceed five (5) years as provided therein.
CONVICTION UNDER MISSISSIPPI CODE ANNOTATED, § 63-11-30(4) (SUPP. 1987) AFFIRMED; REMANDED TO THE CIRCUIT COURT OF LOWNDES COUNTY FOR APPROPRIATE SENTENCING THEREUNDER, IN NO EVENT TO EXCEED FIVE (5) YEARS.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.