637 So.2d 834 (1994)
Eddie Lee HEDRICK,
v.
STATE of Mississippi.
No. 91-KA-00648.
Supreme Court of Mississippi.
June 2, 1994.
*835 Thomas J. Lowe, Jr., Jackson, Clarence Whitaker, Vicksburg, for appellant.
Michael C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and BANKS, JJ.
DAN M. LEE, Presiding Justice, for the Court:
On May 29, 1991, Eddie Lee Hedrick was convicted by a jury in the Claiborne County Circuit Court of causing the death of another person by negligent operation of his motor vehicle while he was intoxicated, pursuant to Miss. Code Ann. § 63-11-30 (1989).
We reverse, finding insufficient evidence in the record indicative of intoxication either before, or at the time of, the incident resulting in the criminal charge.

I.
Between 11:30 p.m. and midnight, June 21, 1990, the Sheriff of Claiborne County, Frank Davis, arrived at the scene of an accident on Tilman Road in Claiborne County, Mississippi, where Edgar Spruille ("Spruille") had been fatally struck by an automobile. The Sheriff's informal investigation led him to suspect that the appellant, Eddie Lee Hedrick ("Eddie"), a local resident of the Tilman community near Port Gibson, Mississippi, was the person responsible for Spruille's death. About an hour later, at 12:30 a.m., June 22, 1990, the Sheriff instructed his deputies to search for Eddie and his car. Eddie was found thirty to forty-five minutes later, arrested, and charged with causing Spruille's death in violation of Miss. Code Ann. § 63-11-30 (1972), as amended.
At the trial that ensued, Alexander Jackson ("Jackson"), the boyfriend of Eddie's sister, testified for the State. According to Jackson's testimony, Eddie came by his house and woke him between 11:00 p.m. and 11:30 p.m. on the night of June 21, 1990. Eddie was visibly upset and told Jackson *836 that he had hit something in the road, but did not know what it was. Eddie asked Jackson if he would return with him to the scene and investigate. Jackson agreed, and the two of them drove back to the scene in Jackson's truck. By the time they arrived, the Sheriff's Department was already there, along with a small crowd that had gathered.
Jackson testified that, earlier that evening, he had stopped by a liquor store, cashed a check, and bought a half-pint bottle of Seagram's gin. The unopened bottle of gin was still in the truck when he and Eddie reached the scene of the accident. After arriving at the site, Jackson opened the bottle of gin, took a drink, and threw the bottle back on the seat. Eddie remained in the truck while Jackson left the truck and attempted to determine what Eddie had hit with his automobile.
Upon re-entering his truck, Jackson told Eddie that he had "run over" Spruille. Eddie asked Jackson what he should do. Jackson replied that Eddie should tell his brother what had happened and then he should talk to the Sheriff about the incident. Jackson also testified that, although he did not see Eddie drink the gin, when he returned to his truck, he noticed that the bottle of gin was missing.
Jackson and Eddie proceeded to the house of Eddie's brother, awakening him upon their arrival. A short time later, approximately 1:00 a.m. to 1:15 a.m., as Eddie was preparing to leave for the Sheriff's Department, a Sheriff's Deputy arrived and found Eddie sitting on the passenger side of his car. Eddie was taken into custody and transported to the Sheriff's Department. There, he was read his rights and he consented to a breathalyzer test which was administered at approximately 1:48 a.m., June 22, 1990. The intoxilyzer results indicated a .13% alcohol level in Eddie's system.
Eddie was the only witness to testify in his defense. He testified that at approximately 10:45 p.m., on the night in question, he was returning home and, as he came around a deep curve that overlooked a little slope in the road, his automobile struck something in his lane of travel. He stated that he did not know that he had hit a person; that he had previously seen animals, such as deer and dogs cross Tilman Road. Eddie testified that, at the time of the accident, he had not had anything to drink, but when he and Jackson returned to the accident site he drank a half-pint of gin during the twenty-minute period Jackson was out of the truck.
When asked where he had been before the incident, Eddie testified that he had been in the nearby community of Patterson, sitting in his car at the pulpwood yard with a friend. He stated that, after about two hours of sitting in his car, he left the pulpwood yard at 10:00 p.m. After stopping to get gasoline for his car at approximately 10:15 p.m., he continued towards his home, striking something on Tilman Road at approximately 10:45 p.m. The prosecutor asked Eddie if he had been drinking while in Patterson, to which Eddie replied in the negative.
The State did not offer the testimony of any witnesses, or any other evidence, which established the element of Eddie's intoxication at the time of the accident. Nevertheless, on May 29, 1991, the jury found Eddie guilty of violating Miss. Code Ann. § 63-11-30 (1972), as amended. The sentencing hearing was postponed until June 20, 1991, at which time the judge sentenced Eddie to eight (8) years with the Mississippi Department of Corrections.
Eddie appealed to this Court, designating the issues on appeal as follows:
(A) WHETHER, IN THE ABSENCE OF TESTIMONY OR OTHER EVIDENCE, THE STATE FAILED TO PROVE THAT ELEMENT OF § 65-11-30(4) MISS. CODE ANN. (1972), AS AMENDED, REQUIRING THAT THE DEATH OF EDGAR SPRUILLE RESULTED FROM THE INEBRIATION OR NEGLIGENCE OF THE DEFENDANT.
(B) WHETHER THE VERDICT OF THE JURY WAS THE PRODUCT OF BIAS AND PASSION AND AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
(C) WHETHER A JURY COULD INFER FROM THE FACTS IN EVIDENCE THAT HEDRICK KILLED *837 SPRUILLE "IN A NEGLIGENT MANNER" WITHOUT THE ASSISTANCE OF EXPERT TESTIMONY AS TO VISIBILITY, STOPPING TIMES, ETC.
(D) WHETHER THE STATE, IN PROSECUTING A CITIZEN FOR VEHICULAR HOMICIDE, MUST SHOW NOT ONLY NEGLIGENCE ON THE PART OF THE DEFENDANT, BUT THAT SUCH NEGLIGENCE PROXIMATELY CAUSED THE INJURIES TO ANOTHER.
Since they are dispositive of this appeal, we need only address the first two assignments of error, as discussed infra.

II.

(A) WHETHER, IN THE ABSENCE OF TESTIMONY OR OTHER EVIDENCE, THE STATE FAILED TO PROVE THAT ELEMENT OF § 65-11-30(4) MISS. CODE ANN. (1972), AS AMENDED, REQUIRING THAT THE DEATH OF EDGAR SPRUILLE RESULTED FROM THE INEBRIATION OR NEGLIGENCE OF THE DEFENDANT.
It is an old and well-defined principle of criminal law that the prosecution bears the burden of proving guilt by overcoming the presumption of the defendant's innocence. In a criminal case, the burden is upon the State to prove the defendant's guilt through evidence which satisfies each element of the charged crime. McVeay v. State, 355 So.2d 1389 (Miss. 1978). The burden of proving each element of an offense always remains with the prosecution, Heidel v. State, 587 So.2d 835 (Miss. 1991), and never shifts from the State, Brown v. State, 556 So.2d 338 (Miss. 1990).
The criminal statute, which Eddie was found guilty of violating, is Miss. Code Ann. § 63-11-30 (1972), as amended. That statute reads as follows:
Penalties for operation of vehicle while under influence of intoxicating liquor or other substance that impairs ability to operate vehicle; where violation causes injury or death to another person.
(1) It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor; (b) is under the influence of any other substance which has impaired such person's ability to operate a motor vehicle; or (c) has ten one-hundredths percent (.10%) or more by weight volume of alcohol in the person's blood based upon milligrams of alcohol per one hundred (100) cubic centimeters of blood as shown by a chemical analysis of such person's breath, blood or urine administered as authorized by this chapter.
....
(4) Every person who operates any motor vehicle in violation of the provisions of subsection (1) of this section and who in a negligent manner causes the death of another or mutilates, disfigures, permanently disables or destroys the tongue, eye, lip, nose or other limb or member of another shall, upon conviction, be guilty of a felony and shall be committed to the custody of the State Department of Corrections for a period of time not to exceed ten (10) years.
Miss. Code Ann. § 63-11-30 (1989).
The relevant portion of the statute states that, "[e]very person who operates any motor vehicle in violation of the provisions of subsection (1) of this section and who in a negligent manner causes the death of another... ." Miss. Code Ann. § 63-11-30(4) (1989) (emphasis added). Incorporating the provisions of subsection (1) Miss. Code Ann. § 63-11-30 (1989), which proscribes operation of a motor vehicle while intoxicated, the elements of the criminal conduct defined by the statute may be extracted and enumerated as: 1) operating a vehicle while under the influence of intoxicating liquor, or operating a vehicle with ten one-hundredths percent (.10%) or more by weight volume of alcohol in the person's blood; and, 2) causing the death of another in a negligent manner.
Therefore, subsection (4) of Miss. Code Ann. § 63-11-30 (1989), imposes criminal liability for the negligent operation of a motor vehicle which causes death or injury to another person, subject to the satisfaction of a condition. That condition arises out of the *838 conjunctive integration, by subsection (4), of the provisions of subsection (1) of that same statute, making imposition of the penalty for a violation of the statute dependent upon the existence of a concurrent violation of subsection (1) and subsection (4). Accordingly, Miss. Code Ann. § 63-11-30 (1989), should impose criminal liability upon Eddie only if the injuries to, or death of, Spruille was caused by Eddie's negligent operation of his motor vehicle while intoxicated.
Operation of a vehicle while intoxicated, as proscribed by Miss. Code Ann. § 63-11-30(1) (1989), is the threshold element which requires proof at trial. Before Eddie's conviction under the statute could be deemed proper, it was necessary to prove: (a) that Eddie was operating a vehicle while intoxicated; and (b) that Eddie negligently caused death or injury to Spruille. Without proof which could establish the fact that Eddie was operating a vehicle while intoxicated, Miss. Code Ann. § 63-11-30(1) (1989), was not satisfied, and Miss. Code Ann. § 63-11-30(4) (1989), would not apply.
As discussed infra, there was absolutely no evidence advanced at the trial from which the jury could have reasonably concluded that Eddie was legally intoxicated at the time that his automobile struck Spruille. Therefore, the State failed to prove the element of intoxication.

(B) WHETHER THE VERDICT OF THE JURY WAS THE PRODUCT OF BIAS AND PASSION AND AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
From the evidence produced at trial, it was established that Eddie's automobile had struck Spruille at approximately 10:45 p.m. on the night of June 21, 1990, and that matter is not disputed. Neither was it seriously contested that Eddie's intoxilyzer test indicated that he had .13% alcohol in his system when the intoxilyzer test was administered at 1:48 a.m., June 22, 1990, approximately three (3) hours after the accident. Consequently, while a jury could have found that the negligence of Eddie caused the death of Spruille, there was simply no evidence from which the jury could have properly found the existence of the threshold element of the criminal offense for which Eddie was charged  proof that, at the time of the accident, Eddie was operating a vehicle while intoxicated. Instead, the proof demonstrated that Eddie was intoxicated approximately three (3) hours "after" the unfortunate incident, and no proof was adduced indicative of intoxication before, or at the time of, the accident.
Critical to analysis of the elements of Miss. Code Ann. § 63-11-30 (1989), with respect to the facts of the case sub judice, was the uncontroverted testimony that Eddie drank the remains of a half-pint of gin between the time of the accident and administration of the breathalyzer test. Further, the record is devoid of any affirmative evidence demonstrating that Eddie was intoxicated at the time, or immediately prior to the time, his automobile struck Spruille.
The State did not ask Alexander Jackson if it appeared to him that Eddie had previously been drinking when he arrived at Jackson's house on the night of the accident. Neither did the State offer testimony from the other people who saw or spoke with Eddie between the time of the accident and the time he drank the gin in Jackson's truck, although the State was aware of the identity of such persons. Absolutely no one testified that, either before the accident or before the time he drank the gin, Eddie: smelled like alcohol, Banks v. State, 525 So.2d 399 (Miss. 1988); stumbled or staggered whenever he walked, Craig v. State, 520 So.2d 487 (Miss. 1988); slurred his speech whenever he spoke, Evans v. State, 562 So.2d 91 (Miss. 1990); or otherwise exhibited any indication that he was intoxicated or had been drinking. Prior to drinking the gin in Jackson's truck, nobody even placed Eddie near a bar, a bottle of alcohol, or a can of beer.
Since drinking the gin after the accident but before taking the breathalyzer test which was administered three (3) hours after the accident, would clearly influence the intoxilyzer results, utilization of those results, without more, for the purposes of concluding that Eddie was intoxicated at the time of the accident would be improper. The only other *839 evidence from which the jury could have inferred that Eddie had been drinking prior to the accident was Eddie's testimony given in answer to questions posed while he was on cross-examination.
In response to the prosecutor's query regarding Eddie's whereabouts prior to the accident, Eddie testified that he had been in Patterson, sitting in his car at the pulpyard with a friend until about 10:00 p.m., at which time he started home. Obviously, from Eddie's response, one might naturally wonder if he wasn't drinking while he was in Patterson. But, that is only a suspicion without any positive evidence adduced to support a supposition, and a conviction cannot be predicated upon a mere suspicion. Williams v. State, 98 So. 338 (Miss. 1923). Further, any suspicion should have been eliminated because the prosecutor directly asked Eddie if he had been drinking while he was in Patterson, to which Eddie predictably answered "no".
Regardless of whether Eddie's answer was believed by the jury, his assertion was uncontradicted by any evidence produced at the trial. Therefore, it was uncontroverted that Eddie did not have anything to drink while he was in Patterson.
The absence of an admission by the defendant or any conflicting evidence regarding intoxication of the defendant at the time of, or prior to, the accident causing injury to the victim is dispositive of the outcome of the case sub judice. See Evans v. State, 562 So.2d 91 (Miss. 1990); Banks v. State, 525 So.2d 399 (Miss. 1988); Childs v. State, 521 So.2d 882 (Miss. 1988); Craig v. State, 520 So.2d 487 (Miss. 1988).
In Evans, supra, there were only two (2) witnesses to an accident. There, this Court stated that:
Evans and Cox were the only witnesses to the accident. Both men testified that Evans was driving well, and not recklessly, negligently, unlawfully, or at a high rate of speed. In such a case where no one else witnesses the fatal accident, the defendant's version of the incident must be accepted as true, if left uncontradicted and the physical facts, or facts of common knowledge are not unreasonable.

Evans v. State, 562 So.2d 91, 96 (Miss. 1990) (emphasis added).
The lack of testimony or other evidence contradicting Eddie's assertion that he was not intoxicated at the time of the accident, as well as the statements made by Jackson which tended to corroborate Eddie's testimony, lead to the conclusion that insufficient evidence was presented at trial upon which the jury could have found the existence of the threshold element of intoxication at the time of the accident.
In order to sustain a guilty verdict, there must be sufficient evidence that would allow a rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. United States v. Lewis, 902 F.2d 1176 (5th Cir.1990). "[B]efore a conviction of any crime may stand, there must be in the record evidence to establish each element of the crime." Fisher v. State, 481 So.2d 203, 211 (Miss. 1985) (citing Edwards v. State, 469 So.2d 68, 70 (Miss. 1985)). See also Watson v. State, 465 So.2d 1025, 1031 (Miss. 1985); Neal v. State, 451 So.2d 743, 757 (Miss. 1984).

V. CONCLUSION
Operating a vehicle while intoxicated, at the time of an accident causing death or injury to another, is an essential element of the offense proscribed by Miss. Code Ann. § 63-11-30(4) (1989), and a prerequisite to criminal liability under that section. However, the record before us does not contain sufficient evidence from which a rational juror could have found the existence of that element beyond a reasonable doubt.
Since all the elements of Miss. Code Ann. § 63-11-30 (1989), were not proven, the jury's decision was against the overwhelming weight of the evidence. Accordingly, the judgment of the lower court and the concomitant imposition of punishment must be reversed.
REVERSED AND APPELLANT DISCHARGED.
PRATHER, P.J., SULLIVAN, PITTMAN, BANKS, McRAE and SMITH, JJ., concur.
*840 HAWKINS, C.J., concurs in results only.
McRAE, J., specially concurs with separate written opinion joined by JAMES L. ROBERTS, Jr. and SMITH, JJ.
McRAE, Justice, specially concurring:
I am compelled to agree with the majority that the prosecution failed to prove the elements of Mississippi Code Annotated § 63-11-30 (1972), and, accordingly, I concur.
Had the prosecution established through the testimony of just one qualified witness that Hedrick appeared drunk prior to or shortly after the accident, then a different outcome to this appeal could have resulted. Or, if the operator of the intoxilizer test had been qualified as an expert and offered by the prosecution to relate the intoxication of Hedrick back to the time of the accident, the issue of intoxication would have then become a fact question for the jury to decide. As the majority so accurately notes, there is no indication whatsoever from the record that Hedrick had any alcohol prior to the accident. Had there been even a trace of evidence that related the results of Hedrick's blood alcohol level test administered three hours after the accident back to the time of the accident, Hedrick's conviction could stand because this Court does not disturb the factual findings of a jury where there is substantial evidence in the record to support those findings. Omni-Bank of Mantee v. United Southern Bank, 607 So.2d 76, 82 (Miss. 1992). However, this Court must examine the entire record and accept:
that evidence which supports or reasonably tends to support the findings of fact made below, together with all reasonable inferences which may be drawn therefrom and which favor the lower court's findings of fact... .
Cotton v. McConnell, 435 So.2d 683, 685 (Miss. 1983). As this is sound jurisprudence, I concur with the majority opinion.
JAMES L. ROBERTS, Jr. and SMITH, JJ., join this opinion.