IN THE SUPREME COURT OF MISSISSIPPI
NO. 1999-CP-00573-SCT

*DAVID A. HARRIS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/13/1999 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | RICHARD L. DOUGLASS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 3/2/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/23/2000 |

**EN BANC.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. This matter is before the Court on appeal from a denial of post-conviction relief arising from David A. Harris's plea of guilty to felony D.U.I. Because we conclude that the trial court did not err, we affirm.

**I.**

¶2. On June 11, 1995, Harris was driving his motor vehicle east on Highway 42 in Sumrall, Lamar County. He admitted having drunk ten or eleven beers prior to driving his car. Harris lost control of his vehicle and swerved into the westbound lane of traffic, hitting the vehicle Cynthia Hall was driving. As a result of this collision, Hall suffered extensive and permanent disfiguring injuries to her face, as well as her right elbow and arm.

¶3. On September 4, 1996, Harris pled guilty to felony D. U. I. in violation of Miss. Code Ann. § 63-11-30(4), as amended before the Circuit Court of Lamar County. The record of the plea hearing establishes that Harris and his attorney, William Ducker, were present and that the judge fully informed Harris of his rights and the consequences of waiving those rights by pleading guilty. The record further shows that the judge informed Harris of the maximum and minimum penalties and that there would be no sentencing recommendation by the State. The judge also inquired whether Harris's guilty plea was voluntarily given.

¶4. The factual basis of the plea was also examined, and Harris openly admitted to having committed the

crime for which he was indicted. The plea hearing covered the fact that Harris refused to take a breath test at the scene and that a blood sample was taken from Harris and tested for alcohol content. The record contains a court order for medical personnel to release medical records from the hospital where the blood test was performed. These records indicated Harris's blood/alcohol content at the time of the wreck was .18. Also, the district attorney stated that if the case went to trial the State would present medical testimony regarding the permanent and disfiguring injuries suffered by Hall.

¶5. Harris had copies of the victim impact statement and benefitted from full discovery from the State, including knowledge of the nature and extent of Hall's injuries. After being read the indictment and hearing the change requested that the words "which caused disfigurement to her person" be added to the indictment, both Harris and his attorney agreed to the change. No objection was made to this addition. Harris subsequently pled guilty to felony D.U.I.

¶6. Harris's guilty plea was accepted as voluntarily given, and the circuit court sentenced him to twenty years with ten years suspended upon condition of completion of alcohol treatment and supervised probation. Harris was also ordered to make restitution to Hall in the amount of $37,765 for medical bills incurred, subject to Harris being employed and capable of making $200 monthly payments toward that bill.

¶7. On December 14, 1998, Harris filed his pro se Motion for Post Conviction Relief, supplying no documents or witness affidavits to support his claims. On January 13, 1999, the Circuit Court of Lamar County denied Harris's motion without holding a hearing, finding that his claims were unsupported, lacked merit, and were contradicted by his own guilty plea petition, admissions and answers to questions asked of himself and his counsel at his guilty plea hearing by the circuit court. Harris perfected his appeal to this Court.

## II.

¶8. "When reviewing a lower court's decision to deny a petition for post conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. *Bank of Mississippi v. Southern Mem'l Park, Inc.*, 677 So. 2d 186, 191 (Miss. 1996). However, where questions of law are raised the applicable standard of review is de novo. *Id*." *Brown v. State*, 731 So. 2d 595, 598 (Miss. 1999).

## A.

¶9. Harris argues that his indictment is not valid. We disagree. Here, Harris pled guilty to the crime. This Court has held that a guilty plea waives any claim to a defective indictment. *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989).

¶10. Nevertheless, the indictment against Harris is valid. The indictment against Harris states that he:

did wilfully, unlawfully, feloniously, and negligently operate a motor vehicle on Highway 42, a highway in the city of Sumrall, County of Lamar, State of Mississippi, at a time when he was under the influence of intoxicating liquor and that while he was operating the said motor vehicle in a negligent manner the defendant while traveling east of Highway 42 did negligently veer into the west bound lane of the said highway and thereby striking the vehicle that Cynthia C. Hall, a human being, was traveling in thereby causing injury to her face, eye, left knee and toe, and right elbow which caused disfigurement to her face, eye, lip and body, contrary to and in violation of Section 63-11-30(4) of the

Mississippi Code of 1972, as amended; against the peace and dignity of the state of Mississippi.

¶11. In its version at the time of Harris's crime, Miss. Code Ann. § 63-11-30 included some nine subsections the relevant portions of which in this case were (1) and (4) stated as follows:

> (1) It is unlawful for any person to drive or otherwise operate a vehicle within this statute who (a) is under the influence of intoxicating liquor;
>
> ....
>
> (4) Every person who operates any motor vehicle in violation of the provision of subsection (1) of this section and who in a negligent manner causes the death of another or mutilates, disfigures, permanently disables or destroys the tongue, eye, lip, nose or any other limb, organ or member of another shall, upon conviction, be guilty of a felony and shall be committed to the custody of the State Department of Corrections for a period of time not to exceed twenty-five (25) years.

Miss. Code Ann. § 63-11-30 (1995). As part of a 1998 amendment, subpart (4) has been renumbered as subpart (5) in the current version of this statute, Miss. Code Ann. § 63-11-30-(5) (Supp. 1999).

**1.**

¶12. Harris contends that the indictment as originally worded failed to charge him with a crime, and that the indictment's subsequent amendment was unlawful. His argument centers around the contention that "disfigurement" is an essential element of the crime for which he was indicted. This argument has no merit.

¶13. This Court has previously held that § 63-11-30(4) imposes criminal liability on a person who (1) negligently operates a motor vehicle while intoxicated and (2) causes death or injury to another person. ***Hedrick v. State***, 637 So. 2d 834, 837-38 (Miss. 1994). The indictment, even as originally worded, clearly charges Harris with these two elements. Furthermore, given the holding in ***Hedrick***, it is apparent that the term "disfigurement" is not an essential element of the crime. Harris's contention that the indictment did not charge him with a crime is without merit.

¶14. The indictment by including the proper Code section and subsection number, providing the date, time, and location of the offense, as well as describing the offense as driving negligently while intoxicated, striking Hall's vehicle and causing numerous injuries to Hall's face and body put Harris on proper notice as to that for which he was charged. The indictment was valid for a charge under Miss. Code Ann. § 63-11-30 (1995). Harris's argument is without merit.

**2.**

¶15. Harris also asserts that the indictment was insufficient to give him notice or establish the circuit court's jurisdiction because the indictment failed to include the judicial district in which the indictment was brought. Rule 7.06 (4) of the Uniform Rules of Circuit and County Court states that the indictment shall list the "county and judicial district in which the indictment is brought." Because Lamar County only has one judicial district, there is no error. *See* Miss. Code Ann. § 99-11-3 (1994 & Supp. 1999).

**3.**

¶16. Harris also claims that the amendment to the indictment, inclusion of the "disfigurement" language, was

in violation of law because it amended the substance and not the form of the indictment because "disfigurement" was an essential element of the crime. "All indictments may be amended as to form but not as to the substance of the offense charged." URCCC 7.09. As noted earlier, *Hedrick* does not classify "disfigurement" as an essential element for felony D. U. I. under § 63-11-30(4). Furthermore, an amendment is lawful if it is does not 1) materially alter the essential facts of the offense or 2) materially alter a defense that the defendant had under the original indictment so as to prejudice his case. *Greenlee v. State*, 725 So. 2d 816, 822 (Miss. 1998). The test as to whether the amendment will prejudice the defense is whether the defense will be equally available after the amendment to the indictment. *Id*. Given this Court's interpretation in *Hedrick*, the "disfigurement" language is non-essential. Thus, its addition or omission in no way prejudices or alters Harris's defense. Harris's arguments against the validity of the indictment are without merit.

## B.

¶17. Harris further argues that he was subject to double jeopardy when the circuit court sentenced him to serve time and make restitution. This argument is not well taken. Miss. Code Ann. § 99-37-3 (1994) grants authority to the trial court to order restitution as well as serve time for a criminal offense.

¶18. Miss. Code Ann. §§ 99-37-3 and 99-37-5 (1994) deal with imposition and amount of restitution, as well as payment order and enforcement. Miss. Code Ann. § 99-37-3(1) (1994) states in pertinent part as follows:

> When a person is convicted of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim;

¶19. In *Powell v. State*, 536 So. 2d 13, 17 (Miss. 1988), this Court found that by failing to object at sentencing to imposition of a specified amount for restitution for the victim Powell waived this issue on appeal. There, this Court stated as follows:

> The language in Section 99-37-3(3) infers that the defendant must object to the restitution at the time of sentencing. ...Troy Powell made no objection to the restitution at the time of sentencing. He waited until he was before this Court to object. Having failed to object at the sentencing phase he will not be allowed to object now. See *Watts v. State*, 492 So 2d. 1281, 1290-91 (Miss. 1986).

536 So. 2d at 17. Here, Harris did not object. His argument is waived.

## C.

¶20. Harris asserts that he was denied effective assistance of counsel. When reviewing claims of ineffective assistance of counsel, this Court utilizes the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This Court, in *Schmitt v. State*, 560 So. 2d 148, 154 (Miss. 1990), has held that "before counsel can be deemed to have been ineffective, it must be shown (1) that counsel's performance was deficient and (2) that the defendant was prejudiced by counsel's mistakes." A defendant claiming ineffective assistance of counsel must show, by a preponderance of the evidence, that there is a reasonable probability that had counsel's assistance been effective, he would not have pled guilty, but would have insisted on going to trial. *Schmitt v. State*, 560 So. 2d at 161. One who claims that counsel was ineffective must overcome the presumption that "counsel's performance falls within the range of

reasonable professional assistance." *Id*. at 154. In order to overcome this presumption, the defendant must show that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," (quoting *Strickland*, 466 U.S. at 694).

¶21. Harris argues that his counsel was ineffective because he pled guilty to a defective indictment. However, as we have noted under our statutory scheme the indictment was not defective. Also, Harris with prior D. U. I. offenses did not receive the maximum twenty five year sentence that he could have received. Moreover, the plea colloquy reflects that the Harris admitted that he was aware that he was pleading guilty to the crime of felony D.U.I. Given the presumption that counsel is effective, therefore, Harris has not presented any arguments to rebut this presumption.

**D.**

¶22. Harris's arguments concerning his due process rights essentially revolve around the voluntariness of his plea. Harris contends that his guilty plea was not voluntarily given because the both the court and his attorney, Ducker, failed to adequately inform him of his rights.

¶23. The record clearly shows that the judge informed Harris of his rights and made sure that Harris understood them. The court has the duty to address the defendant personally and inquire about the following:

> a. That the accused is competent to understand the nature of the charge;
>
> b. That the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law;
>
> c. That the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination. . .

URCCC 8.04(A)(4). The record evidences that Harris knew his rights and voluntarily and intelligently pled guilty. Furthermore, Harris's guilty plea petition enumerated the rights which Harris was forfeiting. The record and the guilty plea petition evidence the fact that the trial judge correctly determined that Harris's plea was intelligently and voluntarily waived and that there was a factual basis for the guilty plea as required by URCCC 8.04(A)(3).

¶24. Harris further contends that his plea was not voluntary because of the improper influence of his attorney, Ducker. The record and the plea petition show only Ducker's competence and fair dealing. Accompanying Harris's guilty plea petition is a certificate signed by Ducker which states that Ducker properly informed Harris of his rights and the possible penalties, that Ducker did not make any promises to Harris, that Ducker believed Harris competent to make the plea and that the plea was voluntarily made.

¶25. Harris's contention that he lied at the plea hearing because he relied upon Ducker's misrepresentations is a serious one. Harris, however, has provided no affidavits to support his assertion, nor did he give any reason why he could not obtain such affidavits. As such, Harris's argument is without merit. Miss. Code Ann. § 99-39-9(e) (1994); *see Brooks v. State*, 573 So. 2d 1350, 1354-55 (Miss. 1990); *see also Smith v. State*, 490 So. 2d 860 (Miss. 1986).

¶26. Harris's due process rights were not violated as the record conclusively shows he understood his rights and voluntarily and intelligently pled guilty.

### III.

¶27. For these reasons, the judgment of the Circuit Court of Lamar County is affirmed.

¶28. **THE DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR. PITTMAN, P.J., CONCURS IN RESULT ONLY.**