LEE, J., for the Court:
¶ 1. Ottis J. Cummings pled guilty before the Webster County Circuit Court in June 2000 to one count of driving under the influence of alcohol, in violation of Miss.Code Ann. § 63 — 11—30(2)(c) (Supp. 2000). Cummings had two prior convictions for DUI, one in 1998 and one in 1999, and he was sentenced on this third charge to serve one and a half years in the custody of the Mississippi Department of Corrections, plus ordered to pay court costs and pay a two-thousand dollar fine, the latter fíne being suspended. After the plea hearing, Cummings filed a motion to clarify, modify or amend. In the motion, Cummings asked the court to turnover possession of his unlawfully seized vehicle to his appointed trustee. The court denied *822 the motion, and Cummings now appeals to this Court.
DISCUSSION OF THE ISSUES
I. DID THE TRIAL COURT ERR IN DENYING CUMMINGS’S MOTION?
¶ 2. We only disturb a lower court’s denial of post-conviction relief if we find clear error. Harris v. State, 757 So.2d 195(¶ 8) (Miss.2000). After he was convicted, Cummings filed a petition to “clarify, modify or amend.” In that motion, he briefly stated that the court needed to review a transcript from his revocation hearing in order to see that his personally-owned vehicle was being unlawfully held, and that at the hearing, the judge had ordered that the vehicle be turned over to Cummings’s designee, which it had not. The record contains a letter Cummings sent to the Webster County Circuit Court Clerk requesting that she send the transcript from his revocation hearing or that she contact the person in possession to send such transcript. An order appears in the record denying the request. This order explained that such transcript concerned matters not presented to the court or considered in Cummings’s post-conviction relief proceedings and should not be included in the record in this matter.
¶ 3. Post-conviction relief proceedings are limited to questions concerning convictions and sentences. Miss.Code. Ann. § 99-39-5 (Rev.2000). We review the transcript of Cummings’s plea hearing and find that no mention was made at the hearing of Cummings’s vehicle. In fact, Cummings’s post-conviction motion to clarify, modify or amend concerned neither entry of his guilty plea nor questions concerning attorney effectiveness or vol-untariness of the plea, but concerned an altogether separate concern. Accordingly, appealing from his guilty plea hearing to this Court is not the proper route to seek the return of his vehicle. Since this issue was not part of lower court proceedings, we are without jurisdiction to review the claim, therefore, the appeal is dismissed.
¶ 4. THE APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE TAXED TO WEBSTER COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.