CHARLES R. JONES, Judge.
h The Appellant, Reggie Mack, appeals the judgment of the district court granting the Motion for Partial Summary Judgment in favor of the Appellees, Kellogg Brown & Root, Inc. (KBR), and EPL Pipeline, L.L.C., thereby dismissing the Appellant’s claims for negligence against EPL and/or KBR, under both the Jones Act and the General Maritime Law. For the reasons that follow, we affirm.
Statement of the Facts and Procedural History
Reggie Mack, while employed as a rigger by KBR, alleges that on, or about, *56 June 17, 2001, he attempted to lift a piece of pipe by himself while working aboard the M/V ALLEN BENOIT ELEVATOR, resulting in his injury. KBR contracted with EPL to provide maintenance and labor. EPL chartered several portable work platforms and lift boats, including the MTV ALLEN BENOIT ELEVATOR, to transport KBR maintenance personnel to EPL’s offshore well jackets and platforms.
Mr. Mack and a co-worker, Tyrone Taylor, were assigned to lift sections of pipe onto a pipe rack so that the pipe could be cut into smaller pieces and |ginstaIIed on one of EPL’s well jackets. At some point during the lifting, Mr. Taylor left the appellant alone for five to ten minutes for an undisclosed reason. It was during this time that Mr. Mack got tired of waiting for Mr. Taylor’s return and decided to try and lift the section of pipe by himself, as stated in his deposition.
The job assigned to Mr. Mack required more than one worker to lift the sections of pipe. There was a crane available on the M/V ALLEN BENOIT for lifting heavier sections of pipe. The record indicates that Mr. Mack and Mr. Taylor would normally do the task together, and that he had never attempted to lift sections of pipe this size alone.
On June 19, 2002, Reggie Mack filed suit in the Civil District Court for the Parish of Orleans against KBR and EPL, claiming negligence under the Jones Act and General Maritime Law. The negligence claims stem from injuries of the alleged incident occurring on or about June 17, 2001 aboard the M/V ALLEN BENOIT.
The Appellees filed a Motion for Partial Summary Judgment on March 16, 2005, asserting that if all facts presented were true, then Mr. Mack could not prove negligence under the Jones Act against KBR, nor could he prove negligence under the General Maritime Law against EPL. The district court granted the Motion for Partial Summary Judgment after a hearing on April 29, 2005. The judgment granting the appellees’ motion was signed on May 18, 2005, and reasons for the judgment were issued and signed on May 24, 2005. This timely appeal followed. Mr. Mack finds error with the district court granting the Motion for Partial Summary Judgment.
| ¡¿Discussion
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s considerations of whether summary judgment is appropriate. Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Summary judgment is favored in Louisiana law. La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, scrutinized equally, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art 966(B).
The burden of proof remains with the mover. Board of Assessors of the City of New Orleans v. City of New Orleans, 2002-0691, p. 8 (La.App. 4 Cir. 9/25/02), 829 So.2d 501, 506. If the moving party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2). A fact is material if it is essential to the plaintiffs cause of action under the applicable theory of recovery and if, without the establishment of the fact by a preponderance of the evidence, plaintiff could not prevail. Gen *57 erally, material facts are those that potentially ensure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute. Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4 Cir. 12/15/92).
The doctrine of unseaworthiness holds a ship owner absolutely liable for any injuries that result from the unseaworthiness of the vessel. Since the vessel Lowner’s duty to maintain a seaworthy vessel is absolute and nondelegable, it extends even to conditions of unseaworthiness created by third parties without any knowledge on part of the owner. See Foster v. Destin Trading Corp., 700 So.2d 199 (La.1997).
In the present case, neither of the appellees were the owner of the M/V ALLEN BENOIT. EPL rented the M/V ALLEN BENOIT under a time charter agreement for a fixed period of time. Under a charter agreement, the owner leases the vessel out for a fixed period of time to a lessee, while at all times retaining physical possession. Also, under a time charter, the owner is responsible for providing a crew to the lessee for normal operations. It is apparent that neither appellee was the owner of the vessel, therefore, the liability solely rests with that of the actual vessel owner.
The Appellant incorrectly interprets Boudreaux v. U.S., 280 F.3d 461 (5th Cir.2002) as supporting jurisprudence. In Boudreaux, the plaintiff and his co-worker decided to traverse an open deck space while carrying a 300-pound valve. One of the men slipped causing the weight of the valve to shift resulting in an injury to Boudreaux. However, Boidreaux is distinguishable from the matter sub judice because the court held the plaintiff and his co-worker both to be at fault when they decided to complete a task aboard a vessel in an unsafe manner. Also, the only reason the vessel owner and the employer were found to be negligent was because the co-worker’s negligence was imputed to them.
In the present case, Mr. Mack also was working with a co-worker on the day of the incident. However, Mr. Mack’s coworker left him alone for an undisclosed reason for a few minutes. Unlike Bou-dreaux, Mr. Mack grew impatient while waiting for the return of his co-worker, which led to his unilateral decision to act in | san unsafe manner and lift the section of pipe by himself contrary to the specific job assignment. Mr. Mack admitted in his deposition he was not under orders to rush the job and the only reason he proceeded to lift the section of pipe alone was because he was tired of waiting. Since Mr. Mack’s co-worker was not around at the time of the incident, the co-worker’s negligence cannot be imputed to the vessel owner or employer as it was done in Boudreaux.
The Appellees support their argument by citing Breeland v. Falcon Drilling Company, Inc., 98-1790 (La.App. 3rd Cir.5/5/99); 733 So.2d 1217, writ denied, 757 So.2d 196. In Breeland, a seaman filed suit for damages under the Jones Act and General Maritime Law alleging negligence by the employer. The plaintiff cut a steel plate in half, which was then put in place using a crane. After the plate was put into place, the plaintiff needed help to turn it over to remove slag from the underside. The plaintiffs supervisor informed him that help would be on the way to move the plate. Instead of waiting for help to arrive, the plaintiff attempted to lift the plate alone thereby injuring his neck. After filing suit, the trial court ruled there was no employer negligence due to the plaintiffs own negligent act of *58 lifting an object he knew he could not do alone.
In the present case, Mr. Mack also filed suit against his employer under the Jones Act and General Maritime Law alleging negligence. Like Breeland, Mr. Mack knew he needed help to lift the section of pipe he was attempting to lift alone. It is clear from his deposition that Mr. Mack normally completed this task with a co-worker and that he never attempted this type of job alone. The following colloquy appears in the record:
Q. Is that something normally you and Tyrone would do together?
A. Yes, sir.
IfiQ. Had you ever done it by yourself before?
A. No, sir.
Q. Why did you do it by yourself?
A. Well, the job needed doing, and I was tired of waiting on him.
In Foster v. Destin Trading Corp., 96-0803 (La.5/30/97), 700 So.2d 199, the Court found that a plaintiffs own fault will proportionately reduce his recovery for injuries, but if a seaman’s own negligence is the sole cause of his injuries, recovery will be barred. The Appellant’s own negligence in proceeding to accomplish his assigned task in an unsafe manner was the sole cause of his injuries and therefore should be barred from any recovery. 700 So.2d at 209.

Decree

For the reasons stated herein, the judgment of the district court granting the Motion for Partial Summary Judgment in favor of Kellogg Brown & Root, Inc., and EPL Pipeline, LLC is hereby affirmed.
AFFIRMED.